W. X. Huber Co. (J. J. Kessler) *v.* United States (No. 3614)[1]

United States Court of Customs and Patent Appeals, April 12, 1933

*Tompkins & Tompkins* for appellant.
*Charles D. Lawrence* Assistant Attorney General, for the United States.

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

Lenroot, Judge, delivered the opinion of the court:

In this case the Government has filed a motion to dismiss the appeal of appellant upon the ground that, it being a direct appeal to this court from a judgment entered by a single associate judge of the United States Customs Court in a reappraisement proceeding under the Tariff Act of 1922, we are without jurisdiction to entertain the same.

Appellant contends that, under the provisions of section 501 of said Tariff Act of 1922—

it is proper and in accordance with the law to take an appeal in a reappraisement proceeding from a single judge of the United States Customs Court directly to the United States Court of Customs and Patent Appeals on a question of law without first appealing to a board of the United States Customs Court.

The question presented calls for a construction of section 501, *supra*, which, as originally enacted, read as follows:

---

[1] T. D. 46366.

SEC. 501. REAPPRAISEMENT.—The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the Board of General Appraisers by the collector within sixty days after the date of the appraiser's report, or filed by the consignee, or his agent, with the collector within ten days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. No such appeal filed by the consignee, or his agent, shall be deemed valid, unless he has complied with all the provisions of this Act relating to the entry and appraisement of such merchandise. Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the Board of General Appraisers and shall be assigned to one of the general appraisers, who shall ascertain and return the value of the merchandise and shall give reasonable notice to the importer and to the person designated to represent the Government in such proceedings of the time and place of the hearing, at which the parties and their attorneys shall have an opportunity to introduce evidence and to hear and cross-examine the witnesses of the other party and to inspect all samples and all papers admitted or offered as evidence. In finding such value affidavits of persons whose attendance can not reasonably be had, price lists, catalogues, reports or depositions of consuls, special agents, collectors, appraisers, assistant appraisers, examiners, and other officers of the Government may be considered. Copies of official documents, when certified by an official duly authorized by the Secretary of the Treasury, may be admitted in evidence with the same force and effect as original documents.

The decision of the general appraiser, after argument on the part of the interested parties if requested by them or by either of them, shall be final and conclusive upon all parties unless within ten days from the date of the filing of the decision with the collector an application for its review shall be filed with or mailed to said board by the collector or other person authorized by the Secretary of the Treasury, and a copy of such application mailed to the consignee, or his agent or attorney, or filed by the consignee, or his agent or attorney, with the collector, by whom the same shall be forthwith forwarded to the Board of General Appraisers. Every such application shall be assigned by the Board of General Appraisers to a board of three general appraisers, who shall consider the case upon the samples of the merchandise, if there be any, and the record made before the general appraiser, and, after argument, on the part of the parties if requested by them or either of them, shall affirm, reverse, or modify the decision of the general appraiser or remand the case to the general appraiser for further proceedings, and shall state its action in a written decision, to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor. The decision of the Board of General Appraisers shall be final and conclusive upon all parties unless an appeal shall be taken by either party to the Court of Customs Appeals upon a question or questions of law only within the time and in the manner provided by section 198 of an Act entitled "An Act to codify, revise, and amend the laws relating to the judiciary," approved March 3, 1911.

By the act approved May 28, 1926, 44 Stat. L. 669, Congress provided as follows:

AN ACT To provide the name by which the Board of General Appraisers and members thereof shall hereafter be known

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Board of General Appraisers shall hereafter be known as the United States Customs Court and the members thereof

shall hereafter be known as the chief justice and the associate justices of the United States Customs Court.

SEC. 2. The jurisdiction, powers, and duties of said board, its subdivisions and its officers, and their appointment, including the designation of its presiding officers, and the immunities, tenure of office, powers, duties, rights, and privileges of the members of said board, shall remain the same as by existing law provided.

Section 518 of the Tariff Act of 1930, so far as pertinent to the question before us, reads as follows:

The United States Customs Court shall continue as now constituted, except that the chief justice and the associate justices of such court now in office and their successors shall hereafter be known as the judges of such court. * * * The judges of said court shall be divided into three divisions of three judges each for the purpose of hearing and deciding appeals for the review of reappraisements of merchandise, and of hearing and deciding protests against decisions of collectors. * * * A division of the court deciding a case or a single judge deciding an appeal for a reappraisement may, upon the motion of either party made within thirty days next after such decision, grant a rehearing or retrial of such case when in the opinion of such division or single judge the ends of justice so require. * * *

Appellant argues that the proper construction of said section 501 is that if a party litigant is dissatisfied with the decision of the single judge of the United States Customs Court in a reappraisement matter, he is accorded two distinct remedies by way of appeal, set out in appellant's brief as follows:

(1) He can within 10 days file an application for its review by a board of three justices of the United States Customs Court, or

(2) He can within 60 days file an appeal in the Court of Customs Appeals (now the United States Court of Customs and Patent Appeals) upon a question of law.

It is too clear for argument that, as originally enacted, said section 501 did not provide for an appeal to this court from a decision of a general appraiser, for the only provision for an appeal to this court is from a decision of a "board of three general appraisers." Obviously, a decision made by a single general appraiser is not a decision of a "board of three general appraisers."

The question remains whether the legislation, hereinbefore quoted, enacted subsequently to the enactment of the Tariff Act of 1922, enlarges the jurisdiction of this court to include an appeal from a decision rendered by a single judge of said United States Customs Court.

It is clear from the foregoing legislation that the appeals now provided for by said section 501 are (1) an appeal from a single judge in a reappraisement proceeding to the United States Customs Court, to be heard by a division thereof, and (2) an appeal from a decision of that division to this court; no appeal from a decision of a single judge to this court is authorized.

The motion of the Government is *granted* and the appeal is *dismissed* for want of jurisdiction.